# Butler-Kyser Oil & Fertilizer Co. *v.* Howle.

### *Destruction of Lien.*

(Decided Jan. 30, 1912.  58 South. 115.)

*Landlord and Tenant; Landlord's Lien; Personal Property; Barter and Trade.*—Under section 4734, Code 1907, a landlord who advanced money to his tenant to buy a cow, which by a series of exchanges by the tenant was bartered for a mule, the direct chain connecting the transactions being unbroken, had a lien on the mule for the amount advanced to purchase the cow, regardless of the number of exchanges.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Ernest Howle against the Butler-Kyser Oil & Fertilizer Company and others, in case, for destruction of lien. Judgment for plaintiff, and defendant named appeals. Affirmed.

The following charges were refused to the defendant: (1) "The court charges the jury that the plaintiff has no landlord's lien on the mule sued for." (2) Affirmative charge to find for the defendant.

[Butler-Kyser Oil & Fertilizer Co. v. Howle.]

STREET & ISBELL, for appellant. While the landlord had a lien on the cow it did not have a lien upon the mule which was finally obtained.—*McKelroy v. Cautey,* 95 Ala. 295; *Weil v. McWhorter,* 94 Ala. 540; *Abraham v. Nicrosi,* 87 Ala. 173; *Wilkinson v. Kettle,* 69 Ala. 434; *Wilson v. Stewart,* 69 Ala. 302.

JOHN A. LUSK & SON, for appellee. The landlord had a lien upon the mule, and the court properly so held.— Sec. 4734, Code 1907; *Stephens v. Adams,* 93 Ala. 117.

PELHAM, J.—Suit was instituted in the circuit court by appellee, as plaintiff, to recover of appellant, as defendant, for the illegal destruction of a landlord's lien on a mule. One Gaddis was a tenant of the plaintiff, who advanced him during the term of his tenancy $30 to buy a cow. The tenant bought the cow with the $30 advanced by his landlord, the plaintiff, and afterwards made several exchanges, finally receiving in exchange, through a series of barterings, the mule in question for the cow purchased in the first instance with the money furnished by his landlord.

It is the appellant's contention that the statute should not be extended to give the landlord a lien on the property obtained by the tenant through several exchanges, conceding that the landlord had a lien on the original property first bartered by the tenant. The statute declaring a lien in favor of the landlord for rent of farm land and advances (Code, § 4734) provides that he shall have a preferential lien "on all articles advanced, and on all property purchased with money advanced, or money obtained by barter in exchange for articles advanced." The property or article purchased by the tenant with the money furnished by the landlord being subject to the lien, and the property or article obtained

by barter in exchange for such property or article advanced being also subject to the landlord's lien, we can see no reason why the lien would not extend to any property directly traceable to a barter in exchange for property advanced by the landlord to the tenant, although it might have been received by the tenant through several successive transactions of the kind; i. e., barters or exchange. Such a construction of the statute does not seem to us to be extending its provisions; but to hold that the lien would not attach to the property exchanged for property originally advanced, no matter how many times exchanged, so long as the direct chain remains unbroken connecting the transactions, would be to put a limitation on its operation, and the purpose sought to be accomplished by its enactment, that is not justified by a reasonable construction of the broad, general terms of the statute.

The only assignments of error go to the proposition discussed, and from what we have said it will be seen that it is our opinion that charges Nos. 1 and 2, requested by the defendant, were properly refused.

Affirmed.